# IN THE COUNTY CIRCUIT COURT OF DESOTO, MISSISSIPPI
## FOR THE TWENTY-FIRST JUDICIAL DISSTRICT AT HERNANDO

**TIMOTHY BILBRO**

    Plaintiff,

v.

**WAL-MART STORES EAST, LP**
**d/b/a WALMART,**

    Defendant.

USDC No. 3:25-CV-344-MPM-JMV

CIVIL CASE #: CI2025-508 WHD
**JURY DEMAND**

## COMPLAINT FOR DAMAGES

**COMES NOW** Plaintiff Timothy Bilbro by and through counsel, pursuant to the Mississippi Rules of Civil Procedure and hereby files this Complaint for Damages against Defendant Walmart Stores East, LP d/b/a Walmart, and would respectfully show unto the Court the following to wit:

### PARTIES

1. The Plaintiff, Timothy Bilbro, is an adult resident of Sarah, Tate County, Mississippi.

2. Defendant, Wal-Mart Stores East, Inc. (hereinafter Defendant) d/b/a Walmart, is a profit corporation formed in Arkansas with its principal business located at 1 Customer Drive, Bentonville, AR 72716.

3. Defendant Wal-Mart Stores East, LP may be served with process by serving its registered agent C T Corporation System, 8927 Lorraine Road, Suite 204-A, Gulfport, MS 39503.

### JURISDICTION AND VENUE

4. All events which form the basis for this Complaint occurred in Southaven, Desoto County, Mississippi.

**FILED**
OCT 31 2025
CIRCUIT COURT CLERK, DESOTO COUNTY, MS

5. Venue is properly situated in Desoto County, Mississippi.

6. This Court has jurisdiction over the subject matter of this litigation.

7. This Court has jurisdiction over the parties to this litigation.

8. Plaintiff's cause of action arises in tort and as a result of injuries sustained due to the negligence of the Defendant, which occurred in Desoto County, Mississippi on or about January 11, 2025.

9. Defendant Wal-Mart Stores East, LP has been properly served with process.

## FACTS

10. Defendant is a for-profit company which owns, operates, and manages a chain of retail stores including the Wal-Mart Supercenter store located at 6811 Southcrest Parkway, Southaven, MS 38671 (hereinafter "Walmart").

11. On or about January 11, 2025, Plaintiff Timothy Bilbro was on Defendant's premises as an invitee of Defendant's establishment.

12. After he finished shopping, Plaintiff was carefully walking to the self-service checkout counter when suddenly and without warning, Mr. Bilbro slipped and fell due to a wet substance on the floor was in the middle of the aisle believed to be milk.

13. There were no warnings or cautions.

14. Due to this fall, Mr. Bilbro suffered serious severe injuries to his back, leg, and body in general, which required medical attention.

15. Mr. Bilbro still suffers daily pain and may continue to experience said pain through the remainder of his life.

16. Upon information and belief, the Defendant, its employees, agents and/or staff created the condition, knew, or should have known of the dangerous condition.

15.    Upon information and belief, the actions, and/or inactions of the Defendant, its employees, agents and/or staff, highlight the lack of care and attention that is required to ensure safe conditions for invitees and visitors, including Mr. Bilbro, while on the premises.

16.    Upon information and belief, the area where Plaintiff slipped and fell on the floor was under the maintenance, care and control of the Defendant.

17.    Upon information and belief, the Defendant had actual and/or constructive notice of the dangerous condition.

18.    Due to the wet substance on the floor, Plaintiff slipped and fell in such a manner that caused her serious injuries which required medical treatment, orthopedic care, surgery, and subsequent follow-up therapy.

19.    As a result of the injuries Plaintiff sustained, he continues to experience pain and suffering, limitations, and still requires medical treatment, and may continue to require medical treatment for the rest of his life.

## CAUSE OF ACTION NEGLIGENCE

20.    The Plaintiff incorporates the allegations contained in paragraphs 1-19 as though set forth verbatim.

21.    At all times relevant to the Complaint, Defendant's employees were acting within the course and scope of their employment

22.    Upon information and belief, Defendant's employees were negligent in their efforts to keep a look out for any dangerous conditions on the premises, including where the Plaintiff fell.

23.    Upon information and belief, Defendant's employees were negligent in their efforts to provide proper notice to guests and invitees of Walmart, including Mr. Bilbro, of a potentially hazardous and dangerous condition.

24. Upon information and belief, Defendant's employees were negligent by allowing the wet substance to remain on the floor where Plaintiff fell, thereby creating a hazardous and dangerous condition.

25. Upon information and belief, Defendant's employees were negligent in improperly maintaining the premises at Walmart where the Plaintiff fell.

26. Upon information and belief, the Defendant was negligent in failing to provide adequate safety measures to detect the dangerous condition that caused the Plaintiff's fall and his subsequent injuries.

27. The Defendant was negligent in failing to maintain a safe environment for its guests and invitees when it knew, or in the exercises of reasonable care should have known, of the likelihood that the wet floor would create an unsafe environment for visitors, including Plaintiff.

28. Upon information and belief, the Defendant failed to exercise ordinary care in maintaining the area where the Plaintiff fell.

29. Upon information and belief, the Defendant failed to maintain a reasonable safe condition of the store where the Plaintiff was expected to walk.

30. Defendant knew, or in the exercise of ordinary care should have known of the dangerous condition where the Plaintiff slipped and fell.

31. The injuries and damages enumerated below that Plaintiff suffered were the direct and proximate result of the negligence of Defendant and/or Defendant's employees, agents, and servants.

## DAMAGES

1. Plaintiff repeats the allegations contained in paragraphs 1-31 as though set forth verbatim

2. As a direct and proximate result of the negligence of the Defendant, Plaintiff incurred medical expenses.

3. As a direct and proximate result of the negligence of the Defendant, Plaintiff incurred lost wages and economic hardship.

4. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered injuries both temporary and permanent in nature.

5. As a direct and proximate result of the negligence of Defendant, Plaintiff was subjected to severe pain and suffering.

## RELIEF SOUGHT

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Timothy Bilbro respectfully prays:

1. That Plaintiff be awarded the present cash value of any medical care and treatment she will have to undergo;

2. That Plaintiff will be awarded special damages for medical, hospital and doctors expenses incurred, according to proof;

3. That Plaintiff be awarded compensatory damages in a just, fair and equitable amount to be determined by the jury after hearing the facts and issues of this case, not to exceed one million dollars ($ 1,000,000.00);

4. That Plaintiff be awarded post-judgment interest as allowed by law; and

5. Such further relief as the Court may deem just and equitable.

THE PLAINTIFF DEMANDS A JURY TO DETERMINE ALL ISSUES TRIABLE IN THIS CAUSE.

Respectfully submitted,

MORGAN & MORGAN – MEMPHIS, LLC.

Mohammed Farraj, Esq., BPR#36519
*Attorney for the Plaintiff*
80 Monroe Ave, Suite 900
Memphis, TN 38103
T: 901-334-2073
F: 901-390-7476
mfarraj@forthepeople.com